## OHIO COURTS OF APPEALS—Continued

No. 793

### GARDNER v. HOOVER et al

Ohio Appeals, 3rd District, Logan County
No. 681. Decided May 22, 1923

**380. WILLS.**

Word "children," as used in will, defined as limitation and not purchase, and undivided realty vests in children of each at death of either or both sons.

WARDEN, J.

### Epitomized Opinion

This was an action for a partition of real estate by one Gardner, who claimed an undivided one-half interest in 70 acres of land in Logan county under the will of Daniel Hoy. Hoy died testate, leaving surviving a widow, four daughters and two sons. Hoy died in 1856. One of the provisions of the will used the following language: "At the death of my said wife the real estate aforesaid I give and devise to my two sons, Isaac Hoy and Phillip Hoy and their children; if either of my sons should decease leaving no choldren, then in that case the surviving son shall have the deceasedd son's part of my estate." Neither son had any children at the date of making of the will or at the time of the death of the testator. Isaac died in 1917, leaving Rosa Gardner his only child. Phillip Hoy had five children, all of whom were made defendants in this action. Before Isaac Hoy died, Phillip Hoy and himself conveyed the land in question by warranty deed to the defendants, Anna Hoover and O. C. Hunter. Later this partition suit was commenced by Rosa Gardner. The defendants filed their answers and a demurrer was filed by plaintiff to some of the defenses set forth therein. Held:

1. That the word "children" as used in the will and other words used in the above provision of the will were words of limitation and not words of purchase, and that upon the death of the two sons or either of them, the undivided one-half of the realty vested in fee simple in the issue of each son at the time of his death as tenants in common.

Attorneys—W. Clay Huston, for Gardner; West & West, H. H. Newell, for Hoover et al.

No. 794

### GETTMAN v. PUGH

Ohio Appeals, 3rd District, Putnam County
No. 117. Decided July 3, 1923

**381. WITNESSES.**

Competency of lay witness to testify as to speed of automobile.

**172. EVIDENCE.**

Foundation must be laid before a witness can be impeached.

**141. DAMAGES.**

Loss to family not element of damage in action for personal injuries.

HUGHES, J.

### Epitomized Opinion

Eugene Pugh, a minor, was struck and injured by an automobile operated by the defendant, Gettman. During the trial, the court permitted Charles Hugh to testify as to the rate of speed defendant's car was going after he had stated that he had ridden in many automobiles going at this rate of speed. Although the boy's parents did not see the accident, the defendant's counsel asked on cross-examination if they had not made a statement to other persons to the effect that the defendant was not to blame for the affair. The court sustained the objection to this cross-examination. In its charge, the court told the jury that in defining the measure of damages that any loss to the family was an element of damages to be considered. The trial resulted in a verdict for plaintiff. In reversing the judgment of the trial jury, E. R. Eastman. of the Court of Appeals, held:

1. Any person who has ridden in automobiles is a competent witness to testify as to speed that an automobile may be travelling at a given time.

2. As no foundation was laid for the impeachment of the testimony of the child's parents, the objection to the cross-examination was properly sustained.

3. As the loss to the family is not an element of damages to be considered in a personal injury case, prejudicial error was committed by the court in submitting this element to the jury for its consideration.

Attorneys—B. A. Unverferth, T. R. Hamilton, for Gettman; Klinger & Klinger, James P. Leasure, for Pugh.